UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUCE WAYNE HUNTER, II,

        Plaintiff,

v.                                Case No. 6:05-cv-935-Orl-28JGG

JAMES RUSSO, DAVID KENNEDY, JOHN
DEAN MOXLEY, JR.,

        Defendants.
_____

### ORDER OF DISMISSAL

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

> (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff has brought this civil rights action against Defendants James Russo, the Public Defender for the 18th Judicial Circuit of the State of Florida; David Kennedy, an assistant public defender; and John Dean Moxley, Jr., a state court circuit judge.

As to Defendants Russo and Kennedy, public defenders are private individuals for purposes of section 1983 and cannot be sued for damages. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A public defender does not act under state law, and Plaintiff has failed to state a claim under section 1983. *See Datz v. Hutson*, 806 F. Supp. 982, 987 (N.D. Ga. 1992), *affirmed without opinion*, 14 F.3d 58 (11th Cir. 1994). Therefore, this case must be dismissed as frivolous as to Defendants Russo and Kennedy.

The actions of Defendant Moxley occurred as part of judicial proceedings over which he was presiding. It is clear that "[a] judge is absolutely immune from suit in performing his [or her] judicial responsibilities." *Sum v. Forrester*, 939 F.2d 924, 925 (11th

Cir. 1991), *cert. denied*, 503 U.S. 921 (1992). Therefore, this case must be dismissed as frivolous as to Defendant Moxley.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** with prejudice.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2, filed June 23, 2005) is **DENIED**.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida this _15_ day of July, 2005.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 7/13
Bruce Wayne Hunter, II